DePass v Mohrmann (2018 NY Slip Op 00250)





DePass v Mohrmann


2018 NY Slip Op 00250


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


5450 5449

[*1]Carlton DePass, Plaintiff-Appellant,
v
Mark M. Mohrmann, M.D., et al., Defendants-Respondents.


Burns & Harris, New York (Jason Steinberg of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondents.



Judgment, Supreme Court, Bronx County (Stanley Green, J.), entered October 3, 2016, dismissing the complaint, pursuant to an order, same court and Justice, entered August 1, 2016, which had granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the judgment vacated, and the first cause of action for medical malpractice reinstated. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff alleges that he sustained a ruptured tendon in his forearm after defendant doctor gave him steroid injections on two occasions, once in the area of the thumb joint and about two weeks later, in the elbow area. Defendants made a prima facie showing of their entitlement to summary judgment, through the opinion of their medical expert, that the injections were given in accordance with the applicable standard of care and did not cause the tendon rupture (Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). Defendants also submitted evidence demonstrating that plaintiff consented to the procedures after proper disclosure of risks and benefits.
In opposition, plaintiff raised an issue of fact through his orthopedic expert, who opined that defendant doctor administered a steroid in an excessive concentration, and that injectable steroids pose a well-known risk of tendon rupture in tendons near the injection site due to damaging effects of the steroid on the tendon. Plaintiff's expert opined that the steroid was long-lasting, and that the injection in the small thumb joint contributed to the rupture that occurred some time after the second injection. The expert's opinion was detailed regarding the departure from the standard of care, and was based on the record, acknowledging that the two injections were at different sites (see generally Roques v Noble, 73 AD3d 204, 207 [1st Dept 2010]).
Plaintiff's expert, however, did not opine on the issue of the adequacy of defendants' disclosure and informed consent (see Shkolnik v Hospital for Joint Diseases Orthopaedic Inst., 211
AD2d 347, 350 [1st Dept 1995], lv dismissed in part and denied in part 87 NY2d 895 [1995]). Accordingly, the cause of action alleging lack of informed consent was correctly dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK